TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
JOSHUA BRISTER
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Joshua.Brister@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:26-cr-00003-CDS-BNW |
| Plaintiff, | **Stipulation for Protective Order** |
| v. | |
| EFRAIN CABADA-MARTINEZ, and | |
| JUAN CARLOS CABADA-MENDOZA, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Joshua Brister, Assistant United States Attorney; Alexander Randolph Vail, counsel for Efrain Cabada-Martinez; and Ross Goodman, counsel for Juan Carlos Cabada-Mendoza; that this Court issue this Protective Order, which as outlined herein protects from disclosure to the public any discovery documents containing co-defendant name and identifiers, other third party social security numbers, dates of birth, and other sensitive personal identifying information.

In support of this Stipulation, the parties state and agree as follows:

1. The discovery contains extensive personal identifying information of the co-defendants and others, including names, social security, dates of birth, addresses, and financial account information. The release of such information to the public could endanger the privacy of multiple individuals and also subject them to potential misuse of their identities.

2. Such confidential personal identifying is collectively referred to here as the "Protected Information."

3. In order to protect the privacy of the third parties referenced in the discovery, the parties intend to restrict access to Protected Information provided to the defense in discovery to the following individuals: defendant, attorney(s) for the defendant, and any personnel whom the attorney(s) for the defendant considers necessary to assist in performing that attorney's duties in the defense of this case, including investigators, paralegals, retained experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

4. The Covered Individuals shall be advised of the Protective Order, and, without leave of Court, the Covered Individuals shall not:

a. use the Protected Information for any purpose other than preparing to defend against the violations in the Indictment, or any superseding indictment or further charges arising out of this case;

b. provide Protected Information to the custody and control of individuals other than Covered Individuals; or

c. publicize any Protected Information, including by attaching any Protected Information to any of the pleadings, briefs, or other court filings except to the

2

extent those pleadings, briefs, or filings are filed under seal and/or have all Protected Information redacted.

5.    The Covered Individuals shall be further advised that any violation of this Protective Order may result in sanctions by the Court.

6.    Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at a hearing or trial, so long as appropriate redactions are made in accordance with LR IC 6-1.

7.    The defense shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

8.    The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1).

9.    In the event of a disclosure of Protected Information in violation of this Protective Order (inadvertent or otherwise), defense counsel will immediately:

a.    Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order and request any such material be returned;

b.    Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;

c.    Notify the government and the Court in a public filing of the existence and nature of any violation of this Protective Order.

///

///

///

10.    The parties agree that there is good cause for entry of this Protective Order, pursuant to Rule 16(d)(1).

DATED: March 5, 2026.


/s/ *Alexander Randolph Vail*            /s/ *Joshua Brister*
ALEXANDER RANDOLPH VAIL        JOSHUA BRISTER
Counsel for Defendant                 Assistant United States Attorney
Efrain Cabada-Martinez


/s/ *Ross Goodman*
ROSS GOODMAN
Counsel for Defendant
Juan Carlos Cabada-Mendoza

ORDER

This Court GRANTS the above stipulated protective order. Additionally, all motions to seal must comply with Local Rule IA 10-5, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

_____
HON. BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

DATED: ___March 6, 2026_____